ESTATE OF JOSEPH A. BRUDERMANN, DOROTHY W. BRUDERMANN, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12108. Promulgated March 30, 1948.

*A. Michael Katz, Esq.*, for the petitioner.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Petitioner's claim for inclusion in the gross estate of only half the value of the stocks, bonds, real estate, mortgages, bank accounts, partnership interest, and other miscellaneous properties listed in schedules B, E, and F of the estate tax return rests upon an oral agreement between the decedent and his wife at or prior to their marriage. As for the property listed in schedules B and F, title to which was in the decedent's sole name at his death, the position of the petitioner is that decedent's widow, by virtue of the oral agreement, owned a half interest as a tenant in common; and with respect to the property listed in schedule E, title to which was in the decedent's and his widow's names as joint tenants or tenants by the entirety, it is the position of petitioner that the funds used to acquire such properties were their funds as tenants in common by virtue of the agreement.

The difficulty with petitioner's position is that it proceeds on what we believe to be an unwarranted assumption, i. e., that the oral agreement between the spouses gave rise to a tenancy in common in the property acquired after the marriage. We have found as a fact that the agreement was to the effect that any property either spouse should thereafter acquire would belong to them both equally, with the survivor to take all. The evidence with respect to the agreement consists of the testimony of decedent's widow and his son and their affidavits and the affidavit of the decedent's daughter attached to the estate tax return. In this evidence there are repeated references to the right of survivorship, particularly in connection with statements attributed to the decedent as showing his understanding of the agreement. For example, the widow stated that on various occasions the decedent had said to their children in her presence that everything owned by him or by her belonged 50–50 to each of them, survivor to take all. The testimony of the decedent's son was to the same effect. The right of survivorship is, of course, a distinguishing characteristic of joint tenancies or tenancies by the entirety rather than tenancies in common.

Furthermore, the actions of the decedent and his wife during their married life lend support to the view that their agreement was one of joint tenancy. Title to most of the property acquired during the marriage was taken in their names as joint tenants or as tenants by the entirety. There were a few exceptions to that general practice, but they appear to have been motivated largely by reason of business convenience.

On the evidence, therefore, we are unable to accept petitioner's view that the agreement between the spouses was one giving rise to a tenancy in common.

Section 811 (e) of the Internal Revenue Code [1] requires the inclusion in the gross estate of the entire value of property held jointly or by the entirety, except such part as originally belonged to the survivor and was never acquired from the decedent for less than an adequate and full consideration in money or money's worth. By this section Congress intended to include the full value of such property in the gross estate of the decedent, "insofar as the property or consideration therefor is traceable to the decedent." *United States* v. *Jacobs*, 306 U. S. 363. Petitioner here concedes that all the property of this estate arose from the efforts of the deceased husband; that there was no contribution of either services or independent capital on the part of the wife in the businesses of the husband; that the wife did not produce any assets either by way of earnings or through independent sources for any part of the property involved; and that all the money used to acquire the property was earned in the first instance by the husband.

We do not agree with the petitioner that the cases upon which petitioner relies, among them, *Rogan* v. *Kammerdiner*, 140 Fed. (2d) 569; *Berkowitz* v. *Commissioner*, 108 Fed. (2d) 319; *Richardson* v. *Helvering*, 80 Fed. (2d) 548; *Estate of Lester L. Fletcher*, 44 B. T. A. 429, and several memorandum opinions of this Court, establish any such broad proposition as that a mere agreement, without more, concerning the ownership of property to be acquired in the future is sufficient to satisfy the test of adequate and full consideration in money or money's worth, where the property is traceable to the decedent or his efforts. A careful examination of these cases reveals that the wife either rendered

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(e) JOINT AND COMMUNITY INTERESTS.—

(1) JOINT INTERESTS.—To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth \* \* \*.

valuable and extensive personal services in the husband's business, invested in the joint properties separate property of her own acquired from outside sources or from her own labors, or did all these things. The distinction between such cases and the instant case is readily apparent.

In *Dimock* v. *Corwin*, 306 U. S. 363, a companion case to *United States* v. *Jacobs, supra*, the Supreme Court held the full value of a joint tenancy includible in the decedent's estate, notwithstanding that the surviving widow had contributed her separate property toward the acquisition of the property held in joint tenancy. The property which she contributed, however, had previously been given her by the decedent. The Court said that she, as the surviving joint tenant, came squarely within the governing statutory provision, because she had received and acquired all the property contributed by her to the joint tenancy from the decedent for less than an adequate and full consideration in money or money's worth. In view of that decision, so far at least as the joint and entirety property here involved is concerned, we doubt that petitioner could succeed even if it had been able to establish that the agreement at the time of marriage was one to hold after-acquired property as tenants in common. The fact that there may have been sufficient consideration to give rise to a valid and enforceable contract between the decedent and his wife is beside the point. Consideration in the law of contracts is not the same as "adequate and full consideration in money or money's worth" within the meaning of the statute here involved. It is rather obvious, we think, that at the time of marriage the parties did not contemplate that the wife would earn or produce any property in her own right. We hold that the respondent did not err in including in the gross estate the full value of all of the properties in question.

There remains the question whether the estate is entitled to a deduction of the value of the household furniture in the amount of $275 under section 812(b)(5) of the code, which allows deductions for "Such amounts * * * reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." Section 200 of the New York Surrogate's Court Act [2] provides, among other things,

---

[2] § 200. Exemption for benefit of family. If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children:

1. All housekeeping utensils, musical instruments, sewing-machine and household furniture used in and about the house and premises, fuel and provisions, and the clothing of the deceased, in all not exceeding in value one thousand dollars.

2. The family bible, family pictures and schoolbooks, used by or in such family, and books not exceeding in value fifty dollars, which were kept and used as part of the family library.

that there shall be set off from the estate to the widow household furniture and the like, not exceeding $1,000 in value, and money or other personal property not exceeding in value $300. It further provides that the property so set apart "shall be deemed reasonably required for the support of said widow * * * during the settlement of the estate."

The respondent has now conceded that the estate is entitled to a deduction for the $300 cash referred to in the New York statute. He contends, however, that there should be no deduction for the value of the furniture. Petitioner, on the other hand, contends that the amount of $275, representing the value of the furniture, was "expended" within the meaning of section 812(b)(5) of the code for the widow's support, and that "there can be no doubt that if there were no furniture, an expenditure of the sum of $275 in cash for the purchase thereof would be considered an expenditure for support." We do not agree. Section 200 of the New York Surrogate's Court Act expressly provides that no allowance shall be made in money if household furniture does not exist. It therefore would not have been within the power of the administratrix under New York law, if there had been no furniture, to spend cash over and above the $300 cash allowance to purchase such furniture. Furthermore, we held in the *Estate of Leonard S. Waldman*, 46 B. T. A. 291, that the estate was not entitled to a deduction for household furniture under section 812(b)(5). It is true that at that time the New York law did not contain a provision to the effect that the articles of property to be set off to the widow should be deemed reasonably required for support. We do not think, however, that that changes the situation. As we said in the *Waldman* case, it is difficult to comprehend how household furniture could be "amounts reasonably required and actually expended" for support.

We accordingly hold that the petitioner is not entitled to the claimed deduction of $275 for household furniture.

*Decision will be entered under Rule 50.*

---

3. Domestic animals with their necessary food for sixty days, the farm machinery, and one motor vehicle or tractor, not exceeding in value four hundred and fifty dollars.

4. Money or other personal property not exceeding in value three hundred dollars except, however, that the administrator or other representative of the estate must, where there are insufficient assets in the estate to pay the reasonable funeral expenses of the decedent, apply any such money or other personal property in the estate to pay any deficiency in the payment thereof.

Such property so set apart shall be the property of the surviving husband or wife, or of the minor child or children if there be no surviving husband or wife. No allowance shall be made in money or other property under subdivisions one, two and three if the articles mentioned therein do not exist.

Such property so set apart, at least to the extent thereof, shall be deemed reasonably required for the support of said widow, husband, minor child, or children of the deceased during the settlement of the estate. (Par. added L. 1943, ch. 491, in effect Sept. 1.)

No property or money shall be set apart under this section to a surviving spouse who cannot inherit as a distributee, any part of the estate of a deceased spouse who died intestate; nor to a surviving spouse who can neither inherit, nor claim any rights against the estate of a deceased spouse who has died testate.